## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

WILLARD MATHIS,
ADC #142779                                                                          PLAINTIFF

V.                                          5:12-cv-00271-JLH-JTK

CURTIS MEINZER,
Warden, Varner Super Max Unit, et al.                                  DEFENDANTS

## ORDER

**I.     Procedural History**

      Plaintiff Willard Mathis is a state inmate incarcerated at the Varner Super Max Unit

("VSM") of the Arkansas Department of Correction (ADC).   In early July, 2012, he and eight other

prisoners jointly filed a pro se[1] Complaint and Amended Complaint, pursuant to 42 U.S.C. § 1983,

challenging the constitutionality of the VSM incentive level program and alleging that Defendants

violated their constitutional rights in other ways.   See Reid v. Meinzer; 5:12-cv-00230-KGB-BD

(Doc. Nos. 1, 10).

      On July 18, 2012, the Court granted each of the Plaintiffs permission to proceed in forma

---

[1]  Plaintiff is notified of his responsibility to comply with Local Rule 5.5(c)(2), which states:
"It is the duty of any party not represented by counsel to promptly notify the Clerk and the other
parties to the proceedings of any change in his or her address, to monitor the progress of the case,
and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign
his/her pleadings and state his/her address, zip code, and telephone number. If any communication
from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be
dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and
follow the Federal Rules of Civil Procedure."
    Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not
proceed with a civil suit in forma pauperis "if the prisoner has, on 3 or more prior occasions, while
incarcerated or detained in any facility, brought an action or appeal in a court of the United States
that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which
relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

pauperis and directed the ADC to collect monthly payments from each of their inmate trust accounts. See Reid (Doc. No. 30).  On that same day, the Court determined that the Plaintiffs' claims were legally and factually different, and severed each of Plaintiffs' claims into separate lawsuits, including this current lawsuit in which Willard Mathis is the only Plaintiff. See Reid (Doc. No. 33.)  When the Clerk did so, copies of the jointly-filed Complaint, Amended Complaint, and July 18, 2012 Order granting in forma pauperis status were filed in each separately-severed lawsuit. (Doc. Nos. 1, 2, 4).

## II.    In Forma Pauperis Application

The July 18, 2012 Order granting Plaintiffs permission to proceed in forma pauperis stated that funds should be taken from each separate Plaintiff's inmate trust account and sent to the Clerk for payment of the $350 filing fee in Reid v. Meinzer, 5:12-cv-00230-KGB-BD.  Now that the cases have been severed, however, each Plaintiff is responsible for paying the entire $350 filing fee for their individual lawsuits.

Thus, the Court will clarify, to ADC officials, that the monthly withdrawals from Plaintiff Mathis's inmate trust account should be sent to the Clerk for payment in **this** case, Mathis v. Meinzer, 5:12-cv-00271-JLH-JTK, and **not** Reid v. Meinzer, 5:12-cv00230-KGB-BD.

## III.    Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

1915A(b).  When  making  this  determination,  the  Court  must  accept  the  truth  of  the  factual

allegations contained in the complaint.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Reynolds

v. Dormire, 636 F.3d 976, 979 (8th Cir. 2011).

To  survive  a  court's  28  U.S.C.  §  1915(e)(2)  and  42  U.S.C.  §  1997e(c)(1)  screening,  a

complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

plausible on its face." Ashcroft v. Iqbal, 556 U.S. at 678, citing  Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.  Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops

short of the line between possibility and plausibility of entitlement to relief." Id.

The Court did not screen the jointly-filed Complaint and Amended Complaint prior to

severing the Reid case into separate lawsuits.   It is difficult to determine from those Complaints

how  Plaintiff's  individual  constitutional  rights  were  violated  by  each  of  the  Defendants.[2]

Accordingly, for the sake of clarity, the Court will strike the jointly-filed Complaint and Amended

Complaint from the record in this case, and give Plaintiff Mathis thirty days to file a "Substituted

Complaint" clarifying: (1) how and when his individual constitutional rights were violated; and (2)

how  Defendants  Meinzer,  Banks,  and  Hobbs  personally  participated  in  each  of  the  alleged

constitutional violations.  Plaintiff should provide specific facts against each named Defendant in

_____

[2]  Plaintiff does not have standing to raise constitutional claims suffered by other prisoners.
Thus, his Substituted Complaint must include *only* the constitutional violations that he *personally*
suffered.

-3-

a simple, concise, and direct manner.

Additionally, the PLRA requires a prisoner to fully and properly exhaust his administrative remedies as to <u>each</u> claim raised in a Complaint.  <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 219 (2007); <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003).  Although exhaustion is <u>not</u> examined by the Court during § 1915A screening, it is a matter that will likely be raised by the Defendants if this case progresses. Thus, it would benefit Plaintiff to include, in his Substituted Complaint, only his fully and properly exhausted claims.

## IV.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.      The July 18, 2012 Order (docket entry #7) is MODIFIED to clarify that the monthly payments from Plaintiff Willard Mathis's inmate trust account should be sent to the Clerk for the payment of <u>Willard v. Meinzer</u>, 5-12cv-00271, and **not** <u>Reid v. Meinzer</u>; 5:12-cv-00230.

2.      The Clerk is directed to send a copy of this Order and the July 18, 2012 Order (docket entry #7) to: (a) the Warden of the Varner Super Max Unit, P.O. Box 400, Grady, AR 71644-0400; (b) the ADC Trust Fund Centralization Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and (c) the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612-0550.

3.      The Complaint and Amended Complaint (Doc. Nos. 2, 4) are STRICKEN FROM THE RECORD.

4.      Plaintiff must, **within thirty days of the entry of this Order**, file a Substituted Complaint containing the information specified herein.

5.      Plaintiff is reminded that if he fails to timely and properly do so, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 30th day of July, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE